

1:24-cv-11054
Judge LaShonda A. Hunt
Magistrate Judge Keri L. Holleb Hotaling
RANDOM CAT 3

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ILLINOIS

MAKEISHA WILLIAMS-THOMPSON, Defendant,
v.
STATE OF ILLINOIS /Meredith Rudolfi , Plaintiffs.

Case No. 24CFR0509201

**RECEIVED**
**OCT 28 2024**
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ILLINOIS :

Defendant, Makeisha Williams-Thompson, hereby files this Notice of Removal pursuant to 28 U.S.C. § 1441, and states as follows:

1. **Grounds for Removal:** This action is removed to this Court based on constitutional violations by the CIRCUIT COURT OF COOK COUNTY, ILLINOIS, specifically regarding Personal Jurisdiction. A State has no personal jurisdiction over itself if it's a party in the cause.

    -**Grounds for Removal:** According to the U.S. Constitution Article 3 Section 2. In all cases affecting ambassadors, other public ministers and consuls, and those in which a state shall be a party, the Supreme Court shall have original jurisdiction.

2. **Constitutional Violations:** The denial of discovery violates multiple constitutional provisions, including but not limited to:

    - **Equal Protection Clause of the Fourteenth Amendment:** The actions of the court and the Chicago Police Department demonstrate a discriminatory intent and effect, treating the Defendant differently from other similarly situated individuals without a legitimate governmental interest. This principle is upheld in *Opinion of the Justices, 137 N.H. 260*, where the court highlighted the necessity of equal protection under the law. Furthermore, *Village of Willowbrook v. Olech, 528 U.S. 562 (2000)*, supports claims of equal protection violations based on differential treatment.

    - **Fourth Amendment Rights:** The unauthorized editing and tampering with evidence by the Chicago Police Department amount to an unreasonable search and seizure, infringing upon the Defendant's right to be secure in their persons, houses, papers, and effects. This is consistent with the protections outlined in *Opinion of the Justices, 137 N.H. 260*. The case *Mapp v. Ohio, 367 U.S. 643 (1961)*, further supports the exclusion of unlawfully obtained evidence.

3. **Bivens Claim:** Defendant includes a Bivens claim against the aforementioned parties for the constitutional violations described herein, seeking to file a tort in federal court. The tort includes claims for damages resulting from the denial of due process, equal protection violations, infringement of First Amendment rights, and unreasonable search and seizure, which

have caused significant harm to the Defendant. This is supported by the case *Broc T. Waltermeyer v. FCI*, where the court recognized the applicability of Bivens claims in New Hampshire. Additionally, *Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)*, established the precedent for Bivens claims.

4. **Judge's Oath of Office:** The oath of office of Judge Steven G. Watkins does not conform to 4 U.S.C. § 101. According to 4 U.S.C. § 101, every judicial officer of a State must take an oath to support the Constitution of the United States. The inclusion of a religious testimony in his oath of office suggests that Judge WATKINS may be acting as a foreign agent, which requires registration under the Foreign Agents Registration Act (FARA). This is supported by the Department of Justice's findings that public officials acting as agents of foreign principals must register under FARA. Failure to do so constitutes a violation of federal law and undermines the integrity of the judicial process.

5. **Proof of Contract or Paycheck Stubs:** Defendant requests proof of contract or paycheck stubs that compel performance under the statute. This is supported by the case *State v. Leeann O'Brien*, where the court discussed the necessity of proper documentation and evidence in enforcing statutory requirements.

6. **Clearfield Doctrine:** The Clearfield Doctrine, established in *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943), asserts that when the United States engages in commercial transactions, such as issuing checks, it is governed by federal common law rather than state law. When private commercial paper is used by the government, it loses its sovereignty status and becomes no different than a mere private corporation. This means that the government, like any private corporation, must be the holder-in-due-course of a contract or other commercial agreement to compel performance. The CIRCUIT COURT OF COOK COUNTY, ILLINOIS reliance on checks, credit card transactions, and the receiving and paying out of commercial paper necessitates the application of federal law. This supports the argument for federal jurisdiction and the removal of this case to federal court.

7. **Cruden v. Neale:** The principle from *Cruden v. Neale, 2 N.C. 338 (1796)*, states that men are exempt from all laws except those prescribed by nature. This principle supports the argument that the Defendant, as a living woman, is not bound by statutory laws without his consent. Furthermore, the assertion that the Defendant is operating commercially when he is not participating in commercial activities violates 15 U.S.C. § 1692e(7), which prohibits false representations or implications that the consumer committed any crime or other conduct to disgrace the consumer.

8. **Sherar v. Cullen:** The case *Sherar v. Cullen, 481 F.2d 945 (9th Cir. 1973)*, supports the argument that an individual cannot be sanctioned or penalized for exercising constitutional rights. In this case, the court held that dismissal from government service, based solely upon a refusal to submit to an allegedly unwarranted and unreasonable audit request, constituted a penalty wrongfully imposed upon the exercise of Fourth Amendment rights.

9. **Thompson v. Smith:** The principle of the case **Thompson v. Smith** revolves around the **right to travel** and the **exercise of police power** by the state. In this 1930 case, the court held that the right to travel on public highways is a common law right, not merely a privilege that can

be granted or revoked at will by the city. In further support of this *Kent v. Dulles, 357 U.S. 116 (1958)* the *Supreme Court ruling 357 U. S. 117-130 (a)* The right to travel is a part of the "liberty" of which a citizen cannot be deprived without due process of law under the Fifth Amendment. The Supreme Court has over the years defined the right to travel (or the freedom of movement) as one of the "unenumerated rights" of the Constitution. This is supported by the Ninth Amendment of the US Constitution. The Chicago Police Department policies or practices that hinder this right may be legally actionable.

10. **Color of Law Violations:** The actions of the Chicago Police Department and the CIRCUIT COURT OF COOK COUNTY, ILLINOIS constitute violations under color of law. Under 18 U.S.C. § 242, it is a crime for any person acting under color of law to willfully deprive or conspire to deprive another person of any right protected by the Constitution or laws of the United States. This statute has been upheld in numerous cases, including *United States v. Price, 383 U.S. 787 (1966)*, where the Supreme Court held that private individuals acting in concert with state officials can be prosecuted under this statute. Additionally, in *United States v. Causey, 185 F.3d 407 (5th Cir. 1999)*, the court affirmed convictions for conspiracy against civil rights and deprivation of rights under color of law.

11. **RICO Charges:** The Plaintiffs, including the CIRCUIT COURT OF COOK COUNTY, ILLINOIS, Judge Steven G Watkins, and the Chicago Police Department, have engaged in a pattern of racketeering activity as defined under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968. The actions of the Plaintiffs constitute multiple predicate acts of racketeering, including but not limited to:

  - **Mail and Wire Fraud (18 U.S.C. §§ 1341, 1343):** The Plaintiffs have used mail and electronic communications to further their scheme to deprive the Defendant of his constitutional rights.

  - **Obstruction of Justice (18 U.S.C. § 1503):** The Plaintiffs have engaged in activities designed to obstruct the due administration of justice, including tampering with evidence and denying the Defendant's right to a fair trial.

  - **Extortion (18 U.S.C. § 1951):** The Plaintiffs have used their positions of authority to extort compliance from the Defendant under threat of legal penalties and sanctions.

   These actions form a pattern of racketeering activity that has caused significant harm to the Defendant and justify the imposition of RICO charges against the Plaintiffs. The case *Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985)*, supports the application of RICO in cases where a pattern of racketeering activity has caused injury to the plaintiff's business or property.

12. **Lack of Delegation of Authority:** The Plaintiffs have acted without proper delegation of authority, rendering their actions ultra vires and void. The principle of non-delegation requires that any delegation of authority must be explicit and within the bounds of the law. The case

*J.W. Hampton, Jr., & Co. v. United States, 276 U.S. 394 (1928)*, supports the requirement that any delegation of legislative authority must be accompanied by clear standards and guidelines. The actions of the Plaintiffs, lacking proper delegation, are therefore invalid and unenforceable.

14. **Writ of A Fortiori:** Given the extensive and egregious constitutional violations, Supreme Court rulings, and Illinois case law, a writ of a fortiori is not only warranted but imperative. This writ asserts that if the constitutional violations and legal principles are applicable in less severe circumstances, they are even more compelling and urgent in the present case. The cumulative effect of the due process violations, equal protection violations, First and Fourth Amendment infringements, the improper reliance on commercial paper under the Clearfield Doctrine, the lack of delegation of authority, and the principles from *Cruden v. Neale*, *Sherar v. Cullen*, and *Thompson v. Smith* unequivocally support the Defendant's claims.

Furthermore, the Plaintiffs' actions violate 15 U.S.C. § 1692e(7), which prohibits false representations or implications that the consumer committed any crime or other conduct to disgrace the consumer. This statute has been upheld in numerous cases, including:

  - **Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985):** The court held that false representations or implications that a consumer committed a crime to disgrace them are prohibited under the Fair Debt Collection Practices Act (FDCPA).

  - **Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055 (9th Cir. 2011):** The court emphasized that any false, deceptive, or misleading representation in connection with the collection of any debt is a violation of the FDCPA, including false implications of criminal conduct.

  - **McMillan v. Collection Professionals Inc., 455 F.3d 754 (7th Cir. 2006):** The court reinforced that debt collectors must avoid any false representation or implication that the consumer committed any crime or other conduct to disgrace the consumer.

The gravity and multitude of these violations necessitate immediate federal intervention to uphold the rule of law and protect the Defendant's constitutional rights. The Defendant's case exemplifies a profound miscarriage of justice that demands rectification through federal jurisdiction.

15. **Prayer for Relief and Damages:** The Defendant respectfully requests that this Court grant the following relief:

  - A declaration that the actions of the Plaintiffs violated the Defendant's constitutional rights under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments.

  - An injunction preventing the Plaintiffs from continuing their unconstitutional practices.

  - Compensatory damages for the emotional distress, reputational harm, and financial losses suffered by the Defendant as a result of the Plaintiffs' actions.

  - Punitive damages to deter the Plaintiffs and others from engaging in similar conduct in the future.

- Attorney's fees and costs incurred in bringing this action.

- Any other relief that the Court deems just and proper.

16. **Venue:** Venue is proper in the United States District Court for the District of Illinois pursuant to 28 U.S.C. § 1391(b) as the events giving rise to the claims occurred in this district, and the Defendants are subject to personal jurisdiction in this district.

**Contact Information for Defendant:**

Makeisha Williams-Thompson
General Delivery
Berwyn, Illinois [60402]
Phone: 773-655-8395
Email: mkshwilliams@yahoo.com
Pro Se

Respectfully submitted,
*/s/ Makeisha Williams-Thompson*

Defendant

| 44-2 | | |
|---|---|---|
| (Court Branch # or District #) | (Court Date/Time) | (Arresting Agency #) |

**Misdemeanor Complaint**                    (10/27/22) CCCR 0654

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of the State of Illinois
v.
Makeisha P. Williams-Thompson
                Defendant

Case No. 24110567501

### MISDEMEANOR COMPLAINT

STATE OF ILLINOIS / P.O. Rodriguez, complainant, now appears before the
(Complainant's Name Printed or Typed)

Circuit Court of Cook County and states that __Makeisha P. Williams-Thompson__ of
(Defendant)

__3820 W Van Buren, Apt 3, Chicago, IL, 60624, County of Cook__ has on or about __4/24/2024__,
(Address)                                                                (Date)

at the location of __850 S Homan Ave, Chicago, IL, 60624, County of Cook__
(Place of Offense)

committed the offense(s) of __DISPLAY OF A FALSE REGISTRATION PLATE__
in that they
IN THAT SHE KNOWINGLY DISPLAYED A FALSE IL REGISTRATION PLATE WITHIN OR ON THE REAR OF A VEHICLE, A 2019 TOYOTA CAMRY. TO WIT: AMERICAN NATIONAL PLATE # MYLUV4U, WHICH WAS ILEGALLY REGISTERED. IL PLATE# BH92982 SHOULD BE ON A 2019 TOYOTA CAMRY VIN# 4T1BZ1FB2KU020044

in violation of __625__ ILCS __5.0__ / __4-104-A-4__
            (Chapter)                 (Act)         (Sub Section)

AOIC Code _____         _____ 8364
                                        (Complainant's Signature)

**FILED**
**APR 25 2024**
**IRIS Y. MARTINEZ**
**CLERK OF CIRCUIT COURT**

STATE OF ILLINOIS
COOK COUNTY

3151 W. HARRISON ST
(Complainant's Address)

WORK # _____
(Complainant's Phone)

STATE OF ILLINOIS / P.O. Rodriguez
(Complainant's Name Printed or Typed)

The Complainant, being first duly sworn, hereby states that they read and signed the foregoing complaint and that the same is true.

_____ 8364
(Complainant's Signature)

Subscribed and sworn to before me on __4/24/2024__.

I. MARTINEZ / _____
(Judge's/Law Enforcement Officer's Signature)

# __17851__
(Law Enforcement Officer's Badge No.)

I have examined the above complaint, the person presenting it, and find there is probable cause. Leave is hereby given to file said complaint.

Judge _____
                                                                                           Judge's No.

SUMMONS ISSUED
or
WARRANT ISSUED

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 1

44-2     01 MAY 2024 9:00 am     CPD - 011
(Court Branch # or District #)     (Court Date/Time)     (Arresting Agency #)

Misdemeanor Complaint                                                                (03/18/15) CCCR N654

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of State of Illinois
v.

MAMEISHA P. WILLIAMS-THOMPSON

No. 24110567507

Defendant

### MISDEMEANOR COMPLAINT

STATE OF ILLINOIS / P.O. RODRIGUEZ #8364, complainant, now appears before the
(Complainant's Name Printed or Typed)

Circuit Court of Cook County and states the following:
That: MAMEISHA P. WILLIAMS-THOMPSON of 3820 W. VAN BUREN ST., CHICAGO IL 60624 has, on or about
     (Defendant)                                 (Address)

Apr 24, 2024, at the location of           900 S. HOMAN AVE.
   (Date)                                      (Place of Offense)

committed the offense(s) of: THEFT - DECEPTION - INTENT <$500.

**IN THAT HE/SHE KNOWINGLY EXERTED / OBTAINED UNAUTHORIZED CONTROL OVER PROPERTY OF A LINK CARD HAVING A TOTAL VALUE OF UNDER $500.00, INTENDING TO DEPRIVE THE STATE OF ILLINOIS AND CITIZENS PERMANENTLY OF THE USE/BENEFIT OF THE PROPERTY**

in violation of    720    Illinois Compiled Statutes    5.0    /    16-1-A-2-A
               (Chapter)                                             (Act)         (Sub Section)

(Complainant's Signature)

AOIC Code     **FILED**           3151 W HARRISON ST
                                                               (Complainant's Address)
                 APR 25 2024
                                                  WORK#
                               IRIS Y. MARTINEZ                          (Complainant's Telephone)
                               CLERK OF CIRCUIT COURT

**STATE OF ILLINOIS**                                    STATE OF ILLINOIS / P.O. RODRIGUEZ #8364
**COOK COUNTY**                                      (Complainant's Name Printed or Typed)

The Complainant being first duly sworn on oath, deposes and says that s/he read the foregoing complaint by him/her subscribed and that the same is true.

(Complainant's Signature)    8364

Subscribed and sworn to before me on this    24    day of    APRIL, 2024

I. MARTINEZ /                                                  # 17851
(Judge's/Law Enforcement Officer's Signature)           (Law Enforcement Officer's Badge No.)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is probable cause for filing same. Leave is given to file said complaint.

SUMMONS ISSUED,      Judge _____
    or                                                                                    Judge's No.
WARRANT ISSUED,      Bail set at _____
    or
BAIL SET AT: _____ Judge _____
                                                                                                Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

| 44-2 | May 1, 2024  9:00 am | CPD - 011 |
|---|---|---|
| (Court Branch) | (Court Date) | |

Felony Complaint                                                                 (12/01/20) CCCR 0662

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of the State of Illinois
v.
Makiesha Williams-Thompson

No. 24110567501

Defendant

### FELONY COMPLAINT

State of Illinois / P.O. Rodriguez #8364 _____ complainant, now appears before
(Complainant's Name Printed or Typed)

The Circuit Court of Cook County and states that

Makiesha Williams-Thompson       3820 W. Van Buren St. Chicago, IL 60624 ___ has, on or about

Apr 24, 2024 (Defendant)  at  850 S. Homan Ave Chicago, IL 60624 County of Cook
(Date)                                  (Address)

committed the offense of ___ POSS TITLE/REGISTRATION STOLEN / ALTERED ___ in that s/he
                                       (Place of Offense)

**KNOWINGLY DISPLAYED A FALSE AMERICAN NATIONAL REGISTRATION PLATE WITHIN OR ON THE PEAR OF A VEHICLE, A 2019 TOYOTA CAMRY. TO WIT: THE AMERICAN NATIONAL REGISTRATION PLATE #MYLUV4U WAS NOT LEGALLY REGISTERED TO A VEHICLE HOWEVER AFFIXED TO A VEHICLE WITH VIN# 4T1BZ1FB2KU020044.**

in violation of ___ 625 ___ ILCS ___ 5.0 ___ / ___ 4-104-A-3 ___
                  (Chapter)            (Act)              (Sub Section)

**FILED**
APR 25 2024
IRIS Y. MARTINEZ
CLERK OF CIRCUIT COURT

AOIC Code _____

(Complainant's Signature)

WORK # _____
(Complainant's Address)   (Telephone No.)

State of Illinois / P.O. Rodriguez #8364
(Complainant's Name Printed or Typed)

**STATE OF ILLINOIS**
**COOK COUNTY**

being first duly sworn, __State of Illinois / P.O. Rodriguez #8364__ on oath, deposes and says that s/he read the foregoing complaint by him/her subscribed and that the same is true.

(Complainant's Signature)

Subscribed and sworn to before me ___ 24 ___                          Apr              2024

                                          I. MARTINEZ/ _____ #1785
                                                        (Judge)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is probable cause for filing same. Leave is given to file said complaint.

Summons Issued,     Judge _____
  or                                                                Judge's No.
Warrant Issued,     Bail set at, _____
  or
Bail set at _____   Judge _____
                                                                    Judge's No.

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

| 44-2 | May 01, 2024  9:00 am | CPD - 011 |
|---|---|---|
| (Court Branch # or District #) | (Court Date/Time) | (Arresting Agency #) |

Misdemeanor Complaint

(03/18/15) CCCR N654

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of State of Illinois

v.

MAKEISHA P. WILLIAMS THOMPSON

No. 24110567501

**Defendant**

### MISDEMEANOR COMPLAINT

STATE OF ILLINOIS / P.O. RODRIGUEZ #8364, complainant, now appears before the

(Complainant's Name Printed or Typed)

Circuit Court of Cook County and states the following:

That MAKEISHA P. WILLIAMS THOMPSON of 3820 W VAN BUREN ST., CHICAGO IL. 60824 has, on or about

(Defendant) (Address)

Apr 24, 2024, at the location of 900 S. HOMAN AVE.

(Date) (Place of Offense)

committed the offense(s) of RESIST / OBSTRUCT A PEACE OFFICER / CORRECTIONAL EMPLOYEE

IN THAT HE/SHE KNOWINGLY RESISTED THE PERFORMANCE OF AN AUTHORIZED ACT WITHIN THE OFFICER'S OFFICIAL CAPACITY AND ENGAGEMENT IN THE EXECUTION OF HIS/HER OFFICIAL DUTIES, IN THAT WHILE KNOWN TO THE DEFENDANT TO BE A PEACE OFFICER, OFFENDER REFUSED TO EXIT SAID VEHICLE AFTER PEACE OFFICER REQUESTED ON SEVERAL OCCASSIONS IN AN ATTEMPT TO DEFEAT AN ARREST FOR A VIOLATION OF 720 ILCS.

in violation of 625 Illinois Compiled Statutes 5.0 / 6-301-A-4

(Chapter) (Act) (Sub Section)

(Complainant's Signature) 836#

AOIC Code

**FILED**
APR 25 2024
IRIS Y. MARTINEZ
CLERK OF CIRCUIT COURT

3151 W. HARRISON ST

(Complainant's Address)

WORK#

(Complainant's Telephone)

STATE OF ILLINOIS / P.O. RODRIGUEZ #8364

(Complainant's Name Printed or Typed)

**STATE OF ILLINOIS**
**COOK COUNTY**

The Complainant being first duly sworn on oath, deposes and says that s/he read the foregoing complaint by him/her subscribed and that the same is true.

(Complainant's Signature) 836Y

Subscribed and sworn to before me on this 24 day of APRIL, 2024

I. MARTINEZ /

(Judge's/Law Enforcement Officer's Signature)

# 17851

(Law Enforcement Officer's Badge No.)

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is probable cause for filing same. Leave is given to file said complaint.

SUMMONS ISSUED, Judge _____ Judge's No.

or

WARRANT ISSUED, Bail set at _____

or

BAIL SET AT: _____ Judge _____ Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Page 1 of 1