IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| State of Illinois, <br><br> Plaintiff(s), <br><br> v. <br><br> Makeisha Williams-Thompson, <br><br> Defendant(s). | Case No. 24-cv-11054 <br> Judge LaShonda A. Hunt |

## ORDER

This case has been assigned to the calendar of Judge LaShonda A. Hunt. Pro Se Defendant Makeisha Williams-Thompson filed a Notice of Removal [1] attempting to remove four criminal cases currently pending in the Circuit Court of Cook County to federal court. Pursuant to 28 U.S.C. § 1455(a), a defendant desiring to remove any criminal prosecution from State court shall file a notice of removal "containing a short and plain statement of the grounds for removal." Upon filing, the district court is required to "examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Removal is improper in this case for at least three reasons. First, Defendant failed to attach a "copy of all process, pleadings, and orders served upon [her] in such action." 28 U.S.C. § 1455(a). Defendant's notice only attaches the criminal complaints, but a review of the State court docket, which the Court may take judicial notice of, demonstrates that there have been substantial proceedings in the State court cases, including a felony indictment. Second, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C.A. § 1455(b). Plaintiff was arraigned on these charges on 6/11/24; thus, removal is untimely. Third, the notice of removal does not specify any grounds that could properly support federal jurisdiction. "To remove a state criminal prosecution there must be a basis under 28 U.S.C. §§ 1442 ('Federal officers or agencies sued or prosecuted'); 1442a ('Members of armed forces sued or prosecuted'); or 1443 ('Civil rights cases'). *Wisconsin v. Chapman*, No. 20 C 654, 2020 WL 6043900, at *1 (W.D. Wis. Oct. 13, 2020). Because nothing in Defendant's notice suggests that

her cases fall under 28 U.S.C. §§ 1442 or 1442a, the only possible basis for removal would be 28 U.S.C. § 1443(1). However, "[t]he Supreme Court has interpreted the statute to apply only if the right alleged arises under a federal law providing for civil rights based on race and the petitioner must show that [s]he cannot enforce the federal right due to some formal expression of state law." <u>State v. Haws</u>, 131 F.3d 1205, 1209 (7th Cir. 1997). "More general sources of equality rights, like the Due Process Clause, or rights framed in nonracial terms do not suffice." *Fenton v. Dudley*, 761 F.3d 770, 773 (7th Cir. 2014). Here, Defendant asserts that this action is removable to federal court "based on constitutional violations by the Circuit Court of Cook County, Illinois." Defendant does not mention race or allege that race played any part in the state court criminal prosecutions. Thus, 28 U.S.C. § 1443(1) does not serve as a basis for removal in this case. It is possible that Defendant may be able to maintain a civil lawsuit against those alleged to have violated her constitutional rights, but she may only do so by filing a separate civil lawsuit, not by trying to remove her pending state criminal cases to federal court. Pursuant to 28 U.S.C. § 1455, this case is remanded to the Circuit Court of Cook County, Illinois. Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [4] is terminated as moot. The Clerk is directed to transfer this case to the Circuit Court of Cook County, Illinois, forthwith. Civil case terminated.

Date:  10/30/2024                                    /s/ Judge LaShonda A. Hunt
                                                                                     United States District Judge